UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA AND KEVIN BIBLE,

                Plaintiffs,                    No. 05-CV-72034-DT

vs.                                   Hon. Gerald E. Rosen

VILLAGE OF BANCROFT,
SHIAWASSEE COUNTY, and
KEN LABELLE, an individual,

                Defendants.

_____/

OPINION AND ORDER REGARDING MOTIONS
FOR DISMISSAL AND FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on_____March 30, 2006_____

PRESENT:  Honorable Gerald E. Rosen
                       United States District Judge

## I. INTRODUCTION

Plaintiffs Lisa and Kevin Bible initiated this action in the Circuit Court for

Shiawassee County, Michigan on April 27, 2005, alleging in their Complaint civil rights

claims of deprivation of constitutional rights and various state law tort claims against

Defendants Shiawassee County, the Village of Bancroft, and former Shiawassee County

Building Inspector Ken LaBelle.  Defendants timely removed the case to this Court on

federal question grounds predicated upon Plaintiffs' civil rights claims for violation of

1

their constitutional rights to due process and equal protection.

Defendants now move for dismissal and/or summary judgment. Plaintiffs responded to Defendants' motions by way of their own motion for summary judgment, to which motion Defendants have responded. Having reviewed and considered the parties' motions, briefs and supporting evidence, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's decision.

## II.  FACTUAL BACKGROUND

This case arises out of Plaintiffs' erection of a garage on their property without first obtaining the proper zoning and building permits.

In June 2002, Plaintiffs purchased an abandoned house with three adjoining city lots in the Village of Bancroft, Michigan with the intent of restoring the residence and with a plan to build a garage on a portion of the property near the alleyway.

According to Plaintiffs' Complaint, in July 2002, they spoke with a Village council member, Roger Wieske, about their desire to build a fence around their property. Wieske advised them that they would need a fence permit.[1] This precipitated a discussion as to the Village's ordinances and regulations that impacted property improvements, including new structures, rehabilitation of existing structures, and landscaping and painting.

---

[1] Plaintiffs obtained the fence permit a short while later and is not an issue in this lawsuit.

According to Plaintiffs, Wieske informed them in that conversation that while the Village had jurisdiction over, and handled the issuance of permits for, minor improvements, with regard to major building projects, like a garage, Shiawassee County was in charge. [*See* Complaint, ¶¶ 13-14.]

In the ensuing three months, however, Plaintiffs did not make any further inquiry of either the Village or the County as to the necessity of a permit or the requirements for constructing a garage in the Village and in October 2002, they began their garage construction without a building permit or a zoning permit.

On October 10, 2002, construction of the garage commenced with the pouring of concrete and the setting of concrete blocks. However, on October 17, Roger Wieske notified Plaintiffs that the construction must cease because the garage was too close to the alley, in violation of the Village Ordinance for setbacks.

On October 18, 2002, Plaintiffs contacted the Shiawassee County Building Department to obtain a building permit. The County advised Plaintiffs, however, that it could not issue a building permit until a zoning permit was approved by the Village of Bancroft. [Complaint, ¶ 22.] Sometime between October 19 and 20, 2002, a notice was placed on Plaintiffs' door to stop the construction which was taking place without a building permit in violation of Village Ordinances. The notice informed Plaintiffs to contact Shiawassee County to obtain a building permit. [Complaint, ¶ 23, Plaintiffs' Ex. 1.] Then, on October 21, the County issued a "stop work" order. *Id.*, ¶ 27; Plaintiffs' Ex. 2. Despite this order, Plaintiffs continued work on the garage. *Id.*, ¶ 33.

On October 23, 2002, Plaintiffs obtained an application for a zoning permit and submitted it to the Village. *Id.*, ¶ 31; Plaintiffs' Ex. 3.  But, on October 28, Plaintiffs were notified by the Village that their application could not be processed because the site plan had no existing or proposed offset dimensions.  A revised site plan with specific dimensions was requested.  Complaint, ¶ 39; Plaintiffs' Ex. 7.  Plaintiffs provided a revised site plan with measurements on October 30, 2002.  *Id.*  Meanwhile, even though they still had not received either a zoning permit or a building permit, Plaintiffs continued to build the garage.

On November 5, Plaintiffs were notified that their zoning permit was denied as their proposed construction was in violation of 1967 Ordinance Article III, section 3.3, paragraph 2 -- improper setback.[2] [Complaint, ¶ 44.] Plaintiffs requested an appeal.  On November 13, 2002, the Village Council, acting as a board of appeal, affirmed the denial of the zoning permit.  *Id.*, ¶ 46; Plaintiffs' Ex. 11.

Then, on November 14, 2002, Plaintiffs were arrested pursuant to a misdemeanor warrant issued by the county prosecutor for violating the state construction code by failing to comply with stop work order issued by the County Building Department and building without a permit.  Complaint, ¶ 49; Shiawassee Ex. 18.

On April 10, 2003, Plaintiffs submitted another application for a zoning permit, with a site plan showing a 2-foot setback from the property line.  The application was

---

[2] The Ordinance required a 25-foot setback.  *See* Complaint Ex. 5.  Plaintiffs' garage was being built with a set back from the alley of only 2 feet.

4

denied by the Village zoning administrator.  Complaint, ¶ 58.  Plaintiffs again appealed.

At a special meeting held on April 28, 2003, the Village Council appointed a 5-member Zoning Board of Appeals ("ZBA").  On May 8, 2003, the ZBA granted and approved a variance from the setback from the back property line.  Complaint, ¶ 60.  Shiawassee County then issued a building permit for the garage.

Plaintiffs contend that after they were issued a zoning permit and a building permit, they continued to have disputes with the Village of Bancroft.  They complain that when the Village plows the alley behind their house after a snowfall, snow is left in front of their garage while the other side of the alley is plowed smooth. [Complaint, ¶ 63.]  They also complain of a dispute with the Village Water Department concerning the reading of their water meter because of their dogs and the Department's decision to install a pit meter at their fence line.  *Id.*¶¶ 64-71.

## III.  PLAINTIFFS' COMPLAINT

On April 27, 2005, Plaintiffs filed a Complaint in Shiawassee County Circuit Court.  In Counts One through Five of their Complaint, Plaintiffs allege state law claims of intentional infliction of emotional distress, defamation, abuse of process and civil conspiracy against the various Defendants.[3]  Count Six is captioned "Violation of Civil

_____

[3] With the exception of the abuse of process claim in Count Five of the Complaint which is directed at Defendant LaBelle, Plaintiffs do not specify which Defendant is liable for which tort and, in fact, their claims of intentional infliction of emotional distress and defamation are directed against only a singular *Defendant*.  Plaintiffs attempt to cure this by alleging a separate count captioned "Concert of Action" in which they allege that "Plaintiffs may not be able to identify all of the activities of Defendants due to the generic

Rights."  In this Count, Plaintiffs allege that

> 94.  Defendants violated the Plaintiffs['] right to due process and
> discriminated against Plaintiffs through continued deliberate stalling,
> unequal enforcement of local laws, outrageous ad hoc rule making in
> granting permits or appeals toward a common design of selective
> rulemaking.
>
> 95.  Defendant Ken Labelle is a *person*, and was an agent of Defendant
> Shiawassee.
>
> 96.  Defendants Shiawassee and Bancroft through liability for the agents
> employed failed to stop the retaliation and harassment of Plaintiffs by
> agents under the control of Defendants, allowing discriminatory behavior.

Complaint, ¶¶ 94-96.

It is based on this Count Six that Defendants removed Plaintiffs' Complaint to this

Court.  Defendants responded to Plaintiffs' Complaint by moving for dismissal or

summary judgment.  Then, after the close of discovery, Plaintiffs filed their own motion

for summary judgment, which, in essence, responds to the Defendants' motions.

---

similarity of such activities" but that "[d]ue to the concert of action among all of the
various Defendants, each is liable to Plaintiffs for these injuries and damages even if there
was no direct relation to the activity conducted by that particular Defendant."  *See*
Complaint ¶¶ 72-76.

IV.  DISCUSSION

A.    STANDARDS APPLICABLE TO MOTIONS TO DISMISS AND FOR
      SUMMARY JUDGMENT

Motions to dismiss or for judgment on the pleadings are governed by Fed. R. Civ.

P. 12(b)(6).  Rule 12(b)(6) allows the court to determine the legal sufficiency of a

plaintiff's claims.  *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Courts

considering a Rule 12(b)(6) motion must accept the well-pled factual allegations of the

complaint as true and construe all reasonable inferences in favor of the plaintiff.  *See*

*Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).  However, the court is not required to

accept conclusions of law or unwarranted inferences of fact cast in the form of factual

allegations.  *Blackburn v. Fisk University*, 443 F.2d 121, 123 (6th Cir. 1971).

Accordingly, a court must determine "whether the plaintiff undoubtedly can prove no set

of facts in support of his claims that would entitle him to relief" under a viable legal

theory advanced in the complaint.  *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d

1101, 1109 (6th Cir. 1995), *cert. denied*, 116 S.Ct. 1041 (1996).

When, however, matters outside the pleadings are presented, Rule 12(b) directs

that courts are to treat the motion as one for summary judgment pursuant to Fed. R. Civ.

P. 56.

Summary judgment is proper "'if the pleadings, depositions, answer to

interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to

7

judgment as a matter of law.'"  Fed. R. Civ. P. 56(c).

Three 1986 Supreme Court cases -- *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) -- ushered in a "new era" in the standards of review for a summary judgment motion.  These cases, in the aggregate, lowered the movant's burden on a summary judgment motion.[4]  According to the *Celotex* Court,

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

*Celotex*, 477 U.S. at 322.

After reviewing the above trilogy, the Sixth Circuit established a series of principles to be applied to motions for summary judgment.  They are summarized as follows:

> * The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.  This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.
>
> * The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order

---

[4]"Taken together the three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials."  10A C. Wright, A. Miller, M. Kane, Federal Practice & Procedure, § 2727, at 35 (1996 Supp.).

to defeat a properly supported motion for summary judgment."

* The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

* The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is plausible.

*Betkerur v. Aultman Hospital Association*, 78 F.3d 1079, 1087 (6th Cir. 1996). *See also,*

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). The Court will

apply the foregoing standards in deciding the parties' motions in this case.

B.    PLAINTIFFS HAVE FAILED TO PLEAD A VIABLE SECTION 1983 CLAIM
       AGAINST THE VILLAGE OR THE COUNTY

It is well-settled that a municipality cannot be held liable under 42 U.S.C. § 1983

based on a theory of *respondeat superior*. Municipal liability can only be imposed if the

injuries are inflicted pursuant to a municipality's policy or custom. *Monell v. Dept. of*

*Social Services*, 36 U.S. 658, 690-95 (1978). The plaintiff must show not only that the

municipality pursued an official policy or custom, but also that such official policy or

custom was adopted by the official makers of policy with 'deliberate indifference'

towards the constitutional rights of persons affected by the policy or custom. *City of*

*Canton v. Harris*, 489 U.S. 378, 387-88. *See also*, *Collins v. City of Harker Heights*, 503

U.S. 115, 120-24, (1992); *Haverstick Enterprises v. Financial Federal Credit*, 32 F.3d

989, 996 n. 8 (6th Cir.1994); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.1997).

9

Further, the alleged policy must be the "moving force of the constitutional violation."

*Monell, supra* at 694. As enunciated by the Sixth Circuit, this requires that the plaintiff

"identify the policy, connect the policy to the city itself and show that the particular

injury was incurred because of the execution of that policy." *Garner v. Memphis Police*

*Dept.*, 8 F. 3d 358, 364 (6th Cir. 1993).

Furthermore, in *Oklahoma v. Tuttle*, 471 U.S. 808 (1985), the Supreme Court held

that a single act of misconduct by an officer was insufficient to impose municipal

liability. "[C]onsiderably more proof than the single incident would be necessary. . . to

establish both the requisite fault on the part of the municipality, and the causal connection

between the policy and the constitutional deprivation. *Id. See also, Sudel v. City of*

*Hamtramck*, 221 Mich. App. 445, 562 N.W.2d 478 (1997) ("As a matter of pure logic, a

single incident does not a custom, policy or practice make."*Id.* at 469-70.) Rather, for

purposes of *Monell* liability, a "practice" must be

> so permanent and well settled as to constitute a custom or usage with the
> force of law. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036 (internal quotation
> marks and citation omitted); *see also Feliciano v. City of Cleveland*, 988
> F.2d 649, 655 (6th Cir.), *cert. denied*, 510 U.S. 826 (1993). In turn, the
> notion of "law" must include "[d]eeply embedded traditional ways of
> carrying out state policy." *Nashville, Chattanooga & St. Louis Ry. Co. v. Browning*, 310 U.S. 36:
reflect a course of action deliberately chosen from among various alternatives. *City of*
*Oklahoma v. Tuttle*, 471 U.S. 808, 823, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985). In
short, a "custom" is a "legal institution" not memorialized by written law. *Feliciano*, 988
F.2d at 655.

*Doe v. Claiborne County, Tenn. By and Through Claiborne County Bd. of Educ.*,103

F.3d 495, 507-508 (6th Cir. 1996). *See also, Scott v. Moore*, 85 F.3d 230, 234 (5th Cir.

1995) (holding that for a "practice" to rise to the level of a "policy" or "custom" under *Monell*, it must be "a persistent widespread practice which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.")

Plaintiffs here have not met the above standards. In their Complaint, Plaintiffs do not even allege a policy or practice claim. Rather, they allege only that the Village of Bancroft and Shiawassee County should be held liable for the acts of their employees under a *respondeat superior* theory. This, of course, is not a viable theory of liability under *Monell*. In their summary judgment brief, Plaintiffs re-assert their *respondeat superior* theory (*see* Plaintiffs' Brief, pp. 5, 7) and add one sentence regarding a "practice" of the Village of Bancroft, alleging that "Defendant Village had a practice of avoidance when Plaintiffs consulted the employees to try to resolve the issues and obtain a zoning permit." *See* Plaintiffs' Brief, p. 9.[5] This, however, does not amount to a "practice" which is so "persistent and widespread" or "so permanent and well-settled as to constitute a custom or usage with the force of law" so as to impose liability on the Village.

For the foregoing reasons, the Court will grant Defendants' motions to dismiss and for summary judgment on Plaintiffs' Section 1983 claims against the Village and the County. These claims, accordingly, will be dismissed, in their entirety, with prejudice.

---

[5] There is no mention of any sort of practice on the part of Shiawassee County.

11

C.   PLAINTIFFS' CLAIM OF DEPRIVATION OF CONSTITUTIONAL  RIGHTS
      AGAINST DEFENDANT LABELLE LACKS FACTUAL SUPPORT

Plaintiffs claim that individual Defendant LaBelle violated their due process rights (1) by signing a complaint for an arrest warrant for Plaintiffs continuing to build their garage without a permit and (2) by arresting Plaintiffs for a building code violation. *See* Plaintiffs' Brief p. 9.[6]  However, Plaintiffs' claims are not supported by the factual record. The misdemeanor complaint here was signed by the Village of Bancroft Police Chief Randolph L. Beebe, *not* County Building Inspector LaBelle.  *See* County Defendants' Ex. 21.  Furthermore, Chief Beebe's daily activity log for November 14, 2002 indicates that he, *not* Building Inspector LaBelle, arrested Plaintiffs.  *See* County Defendants' Ex. 22. There being no factual basis for Plaintiffs' claims against Defendant LaBelle, the Court will enter summary judgment in favor of Defendant LaBelle and against Plaintiffs on the claims of deprivation of constitutional rights asserted against Defendant LaBelle, and these claims, like the Section 1983 claims against the Village and the County, will be

---

[6] Plaintiffs' other due process/equal protection claims are directed against the Village and the County and are predicated upon the Village Council's and the ZBA's denial of their zoning permit.  Defendant LaBelle, however, was not a member of the Village Council or the ZBA and had nothing to do with the Village's denial of the zoning permit.  LaBelle was a County employee and it is undisputed that zoning permit issue is a Village issue, not a County issue.  Having no personal involvement in the zoning permit dispute, Defendant LaBelle cannot be held liable for any claims of deprivation of constitutional rights arising out of that dispute.  *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995) (personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation); *Salehphour v. University of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998) (a § 1983 plaintiff must allege some personal involvement by the named defendant), *cert. denied*, 119 S.Ct. 1763 (1999).

dismissed.

D.    THE COURT DECLINES TO EXERCISE PENDENT JURISDICTION OVER
       PLAINTIFFS' STATE LAW CLAIMS

       Having dismissed all claims over which the Court has original jurisdiction,

pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental

jurisdiction over Plaintiffs remaining state law claims.  Accordingly, these claims will be

remanded to the Shiawassee County Circuit Court.

<u>CONCLUSION</u>

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants Village of Bancroft and Shiawassee County's motions to dismiss and for summary judgment are GRANTED with regard to Plaintiffs' claims of violation of civil rights as alleged in Count Six of the Complaint, and these claims, accordingly, are DISMISSED, WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims in Counts One through Five of the Complaint.  Accordingly, these claims are REMANDED to Shiawassee County Circuit Court.

SO ORDERED.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  March 30, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager